UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZOHN WANG KUB YANG,

        Petitioner,

v.                       Case No. 21-C-780

DAN CROMWELL,

        Respondent.

## SCREENING ORDER

On June 23, 2021, Petitioner Zohn Wang Kub Yang, who is currently incarcerated at Redgranite Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Outagamie County Circuit Court of one count of first-degree intentional homicide, one count of aggravated battery, three counts of disorderly conduct, two counts of criminal damage to property, and one count of endangering safety, and was sentenced to 20 years of initial confinement and 20 years of extended supervision, to run consecutive to his sentence of two years and three months in the local jail.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Petitioner asserts one ground for relief. In particular, Petitioner claims that his Fifth Amendment rights were violated because law enforcement used "tactics to overcome his ability to voluntarily remain silent" when he was interviewed at a hospital. Dkt. No. 1 at 5. From the face of the petition, the Court cannot conclude that Petitioner's claim lacks merit. Accordingly, Petitioner will be allowed to proceed on this claim.

**IT IS THEREFORE ORDERED** that, within 60 days of the date of this order, Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following the filing of Respondent's answer within which to file a reply. Once a reply is filed, the Court will determine whether further briefing is required.

**IT IS FURTHER ORDERED** that, if Respondent files a dispositive motion in lieu of an answer, Petitioner shall have 30 days following the filing of Respondent's dispositive motion and supporting initial brief within which to file a brief in opposition and Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that the petitioner shall submit all correspondence and legal material to:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated at Green Bay, Wisconsin this 19th day of July, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge